Filed 8/11/15  P. v. Winn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CLIFFORD WINN,<br><br>Defendant and Appellant. | C077294<br><br>(Super. Ct. No. 14F00139) |

Defendant Clifford Winn contends the trial court abused its discretion by denying his request to strike a prior strike.  (Pen. Code, § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.)[1]  We affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

An amended felony complaint deemed an information charged defendant with inflicting corporal injury resulting in a traumatic condition upon cohabitant V. Doe (§ 273.5, subd. (a)) and alleged a 1998 prior felony conviction for assault with a deadly weapon (§ 245, subd. (a)(2)), which constituted a strike (§§ 667, subds. (b)-(i), 1170.12).

Defendant entered an open plea of no contest to infliction of corporal injury upon V. Doe and admitted the prior felony conviction.  The factual basis for the plea was as follows:  On or about January 5, 2014, after defendant and the victim got into a verbal altercation, defendant strangled her to the point that her eyes became bloodshot and she suffered soreness in her neck that lasted over a month.  On May 29, 1998, defendant was convicted in Sacramento County Superior Court of assault with a deadly weapon.

The trial court referred the matter to probation.  Defense counsel indicated that he might file a request to strike defendant's prior strike.

The probation report recommended an upper-term sentence of four years, doubled for the strike.  The report recommended the upper term because defendant was on parole when he committed the crime (Cal. Rules of Court, rule 4.421(b)(4))[2] and had engaged in violent conduct, which indicated a serious danger to society (rule 4.421(b)(1)).  The report also stated as circumstances in aggravation that defendant's crime involved great violence, great bodily harm, the threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (rule 4.421(a)(1)); he had served a prior prison term (rule 4.421(b)(3)); and his prior performance on probation or parole was unsatisfactory (rule 4.421(b)(5)).  The report found no circumstances in mitigation.

According to the police report as summarized in the probation report, the victim stated that defendant woke her up around 2:00 a.m., accusing her of cheating on him; the

---

[2]  Undesignated references to rules are to the California Rules of Court.

2

argument escalated and became physical. When defendant grabbed her by the neck and shook her, she could not breathe but did not lose consciousness. She succeeded in breaking free and ran to a friend's apartment. Afterward, she was unable to seek medical attention because she was uninsured and could not afford care. Although she had healed physically after two weeks, the incident was very traumatic; she still could not remember exactly what had happened and became shaky while talking about the incident. She wanted no further contact with defendant but did not want him to go to prison.

Defendant said he had been diagnosed in 2000 with paranoid schizophrenia and bipolar disorder; he currently took five different medications. Before assaulting the victim, he had missed "one dose." He claimed the argument with the victim was about his excessive methamphetamine use; he had been taking it over the past year to help him stay up late to do college work. He hoped to be sentenced to a residential drug treatment program.

Defendant was a ward of the juvenile court from March 1995 to January 1998.

In December 1998 defendant pleaded guilty to assault with a deadly weapon, a firearm, and was sentenced to a 14-year term in state prison. The police report indicated that the 19-year-old male victim, who had previously defeated defendant in a fistfight, was shot six times, including three chest wounds, and arrived at the hospital in critical condition. Defendant was seen shooting a gun with two hands as he chased the victim. Defendant claimed that after a verbal confrontation with the victim, he had seen the victim was armed with a handgun; when defendant's group and the victim's group separated, defendant got an assault rifle, came back outside, cocked the rifle, and fired it at the victim. After the victim fell, defendant ran up to him and attempted to fire again, but the rifle had run out of ammunition. An associate of the victim said the victim had intended to shoot back at defendant, but there were too many children around.

Defendant's current jail classification screen indicated he was a Crip gang associate.

3

Defendant filed a request to strike his prior strike or to reduce his current conviction to a misdemeanor.

Defendant asserted he had been free from custody from November 2010 until his arrest in the present case, "barring one parole violation in April 2012." He had participated in a GED (general educational development) program through parole and was enrolled in a culinary arts program through American River College at the time of his arrest. He had been in a stable live-in relationship with the victim for two years, with no violence before the present crime.

Defendant asserted that the current crime was relatively minor because he was not armed in its commission, the victim was not particularly vulnerable and was able to break free, the physical injury inflicted was not great, there was no evidence of extended emotional injury, and there was no indication of criminal sophistication or professionalism in the current crime, only "an impulsive act brought on by feelings of betrayal."

Defendant asserted that he was outside the spirit of the "three strikes" law based on all of the above facts. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).)

The trial court denied defendant's motion, stating: "I do see . . . the mitigating factors in the old case, the strike . . . . That the other fellow at some point had a gun, and there was a conflict going on with the two of you. You did serve your time in state prison for that. Nonetheless, this case, in my opinion, involves violence. It's not the worst act of domestic violence I've seen, but it is significant. The victim is very afraid.

"Because of the factors that are set out in the probation report regarding just the nature of the assault, [I] . . . do not feel that it's the kind of case where it would be appropriate for me to strike a strike, in my view of the evidence and the facts.

"What that means is I think it's . . . a low term case. It would be doubled, and I would sentence you accordingly."

4

After defense counsel declined the trial court's offer to be heard further on the motion, the court added: "I've read, viewed, and considered the probation report, as well as the motion to strike. I'm denying the motion to strike, or rather, more appropriately stated, I choose not to exercise my discretion to grant the request because to me, it looks like another violent offense. It is a lesser violent offense than the original one . . . . Nonetheless, it was an offense of violence, and I don't think it merits a reduction or striking the strike."

## DISCUSSION

Defendant contends the trial court abused its discretion by declining to strike his strike because "the court's analysis, taking into consideration only the nature of the new offense, disregarded the characteristics of [defendant] as an individual." We are not persuaded.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

A trial court may properly exercise its discretion to strike a defendant's prior strike or strikes under section 1385 only if it finds that "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

When a trial court declines to strike a prior strike, we review its decision for abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at pp. 374-375.) In the context of sentencing

5

decisions, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) Reversal is justified where the court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid*.)

The trial court here impliedly found that a person who serves a long prison term for assault with a deadly weapon, then again resorts to criminal violence to resolve a conflict with another person, is not outside the spirit of the three strikes scheme. In other words, the court declined to strike defendant's strike based on an unfavorable assessment of defendant's "background, character, and prospects." (*Williams*, *supra*, 17 Cal.4th at p. 161.) This finding was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

Defendant's assertion that the trial court "[took] into consideration only the nature of the new offense" is not well taken. The court noted that, despite any "mitigating factors" in the old case, it was a crime of violence, as was the new case, thus showing defendant had a consistent character for violence.

Furthermore, the court stated it had read and considered the probation report and defendant's request to strike his prior strike, which discussed defendant's history and his current circumstances, including his claims of rehabilitation and pursuit of higher education, but also his admissions that he had violated parole since his release from prison and that he was taking a significant amount of methamphetamine at the time of the current offense. The court is presumed to have considered all relevant factors disclosed in the probation report and defendant's request to strike the strike. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.) "[T]he fact that the court focused its explanatory

6

comments on the violence and potential violence of appellant's crimes does not mean that it considered only that factor" when it declined to strike defendant's prior strike.  (*Ibid.*)

Defendant has not shown that the trial court's ruling was an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

                                     _____RAYE_____, P. J.

We concur:

_____BUTZ_____, J.

_____RENNER_____, J.